Filed 7/30/26  P. v. Williams CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B345064 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA065230) |
| v. | |
| DANIEL C. WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Daniel C. Williams (Williams) appeals from the trial court's order denying his petition for recall of sentence pursuant to Penal Code section 1170, subdivision (d)(1).[1]  We affirm.

## BACKGROUND

### I.  Conviction and Sentencing[2]

In 2002, a jury found Williams guilty of second degree murder.  (§ 187, subd. (a).)  The jury also found true allegations that, among other things, Williams personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)) and that he committed the murder for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)).  The trial court sentenced Williams to a total term of 50 years to life in state prison.

On direct appeal, this court struck the 10-year gang enhancement (§ 186.22, subd. (b)(1)) and ordered it replaced with a 15-year minimum parole eligibility date (§ 186.22, subd. (b)(5)).  (*People v. Williams* (Apr. 13, 2004, B164593) [nonpub. opn.], 2004 WL 788847, at pp. *7–*8.)  The judgment was otherwise affirmed.  (*Id.* at p. *8.)  As a result, Williams's sentence was reduced to 40 years to life.

### II.  Petition for Recall of Sentence

In 2024, Williams filed a petition for recall of sentence pursuant to section 1170, subdivision (d)(1).  Williams asserted that he was 17 years old at the time of the crime and had been

---

[1]     All statutory references are to the Penal Code.

[2]     We omit a summary of the facts underlying Williams's conviction because they are not relevant to the issue on appeal.

2

incarcerated for more than 20 years.  Relying on *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), Williams argued that he was entitled to relief because he had been sentenced to the functional equivalent of life without the possibility of parole (LWOP).  The People opposed the petition.

On March 21, 2025, the trial court denied the petition for recall of sentence on the ground that Williams's 40-years-to-life sentence was not the functional equivalent of LWOP.  Williams filed a timely notice of appeal.

## DISCUSSION

### I.  Standard of Review

We apply de novo review where, as here, the appeal turns on questions of law and the application of law to undisputed facts.  (*People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 518.)

### II.  Relevant Law

Under section 1170, subdivision (d)(1)(A), "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

"[B]y its own terms," section 1170, subdivision (d)(1)(A) applies to juvenile offenders sentenced to LWOP.  (*People v. Olmos* (2025) 109 Cal.App.5th 580, 583.)  A split of authority has emerged concerning the applicability of the statute to juvenile offenders sentenced to the functional equivalent of LWOP, which is a " 'term of years with a parole eligibility date that falls outside

3

the juvenile offender's natural life expectancy.' [Citation.]" (*People v. Sorto* (2024) 104 Cal.App.5th 435, 440, 443 (*Sorto*).)

Some courts have held that "denying juvenile offenders, who were sentenced to the functional equivalent of [LWOP], the opportunity to petition for resentencing violates the guarantee of equal protection." (*Heard, supra*, 83 Cal.App.5th at p. 612; see also *People v. Cabrera* (2025) 111 Cal.App.5th 650, 653 (*Cabrera*); *Sorto, supra*, 104 Cal.App.5th at pp. 440, 454.) Other courts have concluded that the availability of a youth offender parole hearing under section 3051 renders moot this equal protection concern. (See *People v. Lara* (2025) 115 Cal.App.5th 484, 487–488, review granted Dec. 30, 2025, S294095 (*Lara*); *People v. Isayev* (2025) 113 Cal.App.5th 1117, 1141–1144, review granted Nov. 12, 2025, S292860; *People v. Ortega* (2025) 111 Cal.App.5th 1252, 1260, 1265, review granted Sept. 17, 2025, S292070.)

## III. Williams Is Not Entitled to Seek Recall of His 40-Years-to-Life Sentence

The trial court properly denied Williams's section 1170, subdivision (d)(1) petition because his 40-years-to-life sentence— rendering him parole eligible, at the latest, at the age of 57—is not the functional equivalent of LWOP. Williams's parole eligibility does not "fall[] outside" his "natural life expectancy[,]" and accordingly, his sentence does not "effectively condemn[]" him "to die in prison" as would "an explicit LWOP sentence." (*Sorto, supra*, 104 Cal.App.5th at p. 451; see also *People v. Baldwin* (2025) 113 Cal.App.5th 978, 999 [44-years-to-life sentence with parole eligibility at age 60 was "not clearly outside [the defendant's] natural lifetime"].) For this reason, we need not consider whether his entitlement to a section 3051 youth offender

4

parole hearing at an even younger age also precludes him from obtaining relief under section 1170, subdivision (d)(1).

Williams has cited no case, and we are aware of none, that has held that sentencing a juvenile offender to 40-years-to-life or less is the functional equivalent of LWOP. In *People v. Contreras* (2018) 4 Cal.5th 349, 369, the California Supreme Court held, in the context of a nonhomicide offense, "that a sentence of 50 years to life is functionally equivalent to LWOP" for purposes of the Eighth Amendment. Courts of Appeal have disagreed, however, on whether a 50-years-to-life sentence is the functional equivalent of LWOP for the purpose of an equal protection challenge to section 1170, subdivision (d)(1). (Compare *Cabrera*, *supra*, 111 Cal.App.5th at p. 653 [50-years-to-life sentence is the functional equivalent of LWOP], with *People v. Munoz* (2025) 110 Cal.App.5th 499, 503, review granted June 25, 2025, S290828 [50-years-to-life sentence is not the functional equivalent of LWOP].) Given that Williams's sentence is 10 years less than the sentences at issue in *Contreras* and *Cabrera*, those cases are distinguishable.

Relying solely on *People v. Lopez* (2016) 4 Cal.App.5th 649 (*Lopez*), Williams argues that, when assessing whether he was sentenced to the functional equivalent of LWOP, we should consider the nonfinal, 50-years-to-life sentence he originally received before it was corrected to 40 years to life on direct appeal. We disagree.

In *Lopez*, the defendants were sentenced to LWOP when they were minors. More than 15 years later, the trial court granted the defendants' habeas corpus petitions and reduced their sentences to life with the possibility of parole, as required by *Graham v. Florida* (2010) 560 U.S. 48. Then, the defendants

5

filed petitions to recall their sentences under section 1170, former subdivision (d)(2). The People argued that the defendants were no longer entitled to relief under that section because their sentences had already been reduced. The Court of Appeal concluded that the defendants "should not be precluded from obtaining further relief pursuant to a subsequently enacted remedial statute which addresses vindication of the same constitutional right." (*Lopez, supra,* 4 Cal.App.5th at p. 651.) The concerns at issue in *Lopez* are not present here, where Williams's initial unauthorized sentence was corrected on direct appeal rather than through postconviction habeas relief years later in order to vindicate a constitutional right. (See *Lara, supra,* 115 Cal.App.5th at p. 487, fn. 3 [*Lopez* "is factually distinguishable from the *Heard* line of cases"].)

Because Williams was not sentenced to LWOP or its functional equivalent, he is not entitled to seek recall of his sentence under section 1170, subdivision (d)(1).

## DISPOSITION

The trial court's order of March 21, 2025, is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

GOORVITCH, J.

We concur:

CHAVEZ, Acting P. J.

RICHARDSON, J.